# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3523-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHAMIR MODESTIN, a/k/a
SHA-MIR NIGEL SPRINGER,

     Defendant-Appellant.

_____

> Submitted November 9, 2020 – Decided December 23, 2020
>
> Before Judges Fasciale and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 12-05-1451.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Charles H. Landesman, Designated Counsel, on the brief).
>
> Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After pleading guilty to nine crimes,[1] defendant appeals from a February 15, 2019 order denying his petition for post-conviction relief (PCR). Defendant maintains he pled guilty because his plea counsel rendered ineffective assistance. Judge Michael L. Ravin found defendant knowingly and voluntarily pled guilty, entered the order under review, and rendered a comprehensive written decision.

On appeal, defendant argues:

> POINT I
>
> DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY HIS [PLEA] ATTORNEY WHEN HE COERCED DEFENDANT TO PLEAD GUILTY TO CRIMES THAT HE DID NOT COMMIT.
>
> POINT II
>
> DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS RETAINED ATTORNEY BREACHED HIS AGREEMENT WITH DEFENDANT BY

---

[1] Second-degree conspiracy, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:13-1(b)(1); first-degree sexual assault force or coercion with no serious injury, N.J.S.A. 2C:14-2(c)(1); third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a); two counts of fourth-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a); fourth-degree impersonating a public servant, N.J.S.A. 2C:28-8; second-degree conspiracy to commit kidnapping/flight, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:13-1(b)(1); second-degree conspiracy to commit aggravated sexual assault, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:14-2(a)(3); and fourth-degree impersonating a law enforcement officer, N.J.S.A. 2C:28-8(b).

WITHDRAWING AS DEFENDANT'S COUNSEL WITHOUT CAUSE THEREBY FORCING DEFENDANT TO HAVE A PUBLIC DEFENDER REPRESENT HIM AT HIS SENTENCING.

POINT III

DEFENDANT SHOULD BE GIVEN AN EVIDENTIARY HEARING WITH RESPECT TO HIS CLAIM THAT HIS PLEA WAS COERCED AND THAT HE WAS DEPRIVED OF THE SERVICES OF HIS RETAINED ATTORNEY AT HIS SENTENCING.

Defendant failed to satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987), and did not demonstrate a reasonable likelihood that his PCR claim would ultimately succeed on the merits. We therefore affirm.

To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689. Thus, we must consider whether counsel's performance fell below an objective standard of reasonableness. Id. at 688.

As to the first prong, defendant argues his plea counsel coerced him to plead guilty, and that by withdrawing as his counsel, defendant was forced to plead guilty. These contentions are belied by the record, as the judge comprehensively detailed. Defendant knew he retained only plea counsel, not trial counsel, and he pled guilty freely.

Defendant retained his plea counsel and signed a retainer agreement, which stated that counsel would provide legal services for "plea negotiation, plea on the record and sentencing, . . . or dismissal of [the] charges." The retainer agreement further provided that if the case could not be resolved by a guilty plea or dismissal of the charges, then the legal representation and obligations of counsel "shall conclude." Entering into such a retainer agreement does not amount to making "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," id. at 687, or demonstrate that counsel's performance "fell below an objective standard of reasonableness." Id. at 688. Thus, on this point, defendant failed to rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689.

There is no evidence whatsoever that defendant was forced to plead guilty because his plea counsel withdrew. Counsel did not withdraw until after

4

defendant knowingly and intelligently pled guilty. We reach the conclusion—as did the judge—that defendant pled guilty voluntarily, based on the exchange between the judge and defendant in the plea transcript, which we quote in part.

Q: Do you understand it will be very difficult to take this guilty plea back after I accept it?

A: Yes.

. . . .

Q: Has anyone threatened you, or pressured you, of badgered you, or coerced you in any way whatsoever [to] get you to plead guilty?

A: No.

Q: Is your plea of guilty entirely of your own free will?

A: Yes.

. . . .

Q: Are you, in fact, guilty of the crimes to which you're pleading guilty?

A: Yes.

Q: There's absolutely no doubt about that. Isn't that right, sir?

A: Yeah.

Q: Has [plea counsel] represented you during these proceedings, met with you, explained everything to you, and answered every single one of your questions?

A:  Yeah.

Q:  Are you absolutely satisfied with his services?

A:  Yes.

Thus, defendant failed to meet prong one of Strickland/Fritz.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58. Both the United States Supreme Court and the New Jersey Supreme Court have extended the Strickland/Fritz test to challenges of guilty pleas based on ineffective assistance of counsel. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); State v. DiFrisco, 137 N.J. 434, 456-57 (1994). Defendant must demonstrate with "reasonable probability" that the result would

6

have been different had he received proper advice from his attorney. <u>Lafler</u>, 566 U.S. at 163 (quoting <u>Strickland</u>, 466 U.S. at 694).

Defendant has not met prong two of <u>Strickland/Fritz</u>. As part of the plea agreement, plea counsel successfully convinced the State to dismiss eleven additional counts in the indictment. His legal representation resulted in defendant avoiding substantial prison exposure, including the imposition of consecutive sentences pertaining to four victims. Instead, he received a twelve-year prison term, concurrent to a pending matter in another county, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, which was three years less than the State's plea recommendation. Indeed, defendant suffered no prejudice whatsoever when a public defender appeared on his behalf at sentencing.

Finally, an evidentiary hearing was not warranted. A defendant is only entitled to an evidentiary hearing when he "has presented a prima facie [case] in support of [PCR]," <u>State v. Marshall</u>, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting <u>State v. Preciose</u>, 129 N.J. 451, 462 (1992)), meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." <u>Ibid.</u> The defendant bears the burden of establishing a prima facie case. <u>State v. Gaitan</u>, 209 N.J. 339, 350 (2012). Defendant did not satisfy this burden.

To the extent we have not addressed defendant's arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3523-18T4